James Rutter et al., Trustees, etc., Respondents, *v.* Edward Kilpatrick, impleaded, etc., Appellant.

By the charter of the East Side Association of the city of New York (§ 5, chap. 762, Laws of 1868), it is provided, that shares of the "building stock" of the association, for which certificates shall be issued in the manner prescribed, shall, from the date thereof, be a lien and charge upon the real estate of the corporation. In an action to foreclose a mortgage given by the corporation upon certain of its real estate, defendant K., who held $3,000 of the building stock, claimed that it was a prior lien. It did not appear that any certificate for said stock had been issued as prescribed. *Held*, that conceding that by payment of the subscription the subscriber for the stock became a stockholder, the lien claimed did not necessarily flow from the relation of stockholder, but was a special statutory lien, and could only be enforced against *bona fide* lienors of the corporate property when perfected in the method and evidenced by the instrument prescribed by the act; and, the mortgage being prior to the issue of any certificate upon the stock held by K., that it was the prior lien.

(Argued December 21, 1875; decided January 18, 1876.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought to foreclose a mortgage held by plaintiffs as trustees for certain bondholders, upon lands of defendant, "The East Side Association of the City of New York," a corporation chartered by chapter 762, Laws of 1868.

The complaint alleged that defendant Kilpatrick held a lien upon the premises which was subject to the lien of plaintiffs' mortgage. It appeared he held $3,000 of the building stock of the association. The amount paid for said stock was applied toward the payment of the purchase-money of the mortgaged premises. Receipts were issued to the subscribers certifying that they were entitled to the number of shares of the building stock paid for, when issued. It did not appear that any certificate had been issued as prescribed by the char-

Statement of case.

ter.   The provisions of the charter in relation to the building stock are as follows :

"Section 4. The said association shall, in addition to the power and authority conferred by the first section of this act, have a building stock of $100,000, which said stock shall be divided into shares of twenty-five dollars each, to be applied to the purchase of a site and the erection thereon of a suit able building, to be devoted to the objects specified in the first section of this act, and said shares shall be transferable in such manner as the by-laws of said association shall direct."

"Section 5. The president, secretary and treasurer of said association may, immediately after the passage of this act, open books and take subscriptions and receive money for the said building stock of $100,000, or any part thereof, in such manner as they may deem most expedient, and may issue to such subscribers the necessary certificates of shares, which shall be signed by the president and secretary and counter-signed by the treasurer, and all shares so issued shall, from the date thereof, be a lien and charge upon the real and personal property of said corporation until canceled as hereafter provided."

*Samuel Hand* for the appellant.   No certificate from the association was necessary to make defendant a holder of building stock.  His subscription upon the books was sufficient. (2 Laws 1868, 1721, § 4: *Thorp* v. *Woodhull*, 1 Sandf. Ch., 411; *Van Alen* v. *Ill. Cent. R. R. Co.*, 2 Keyes, 673; *Hoagland* v. *Bell*, 36 Barb., 57; *Chaffin* v. *Cummings*, 37 Me., 76; *Buff., etc., R. R. Co.* v. *Dudley*, 14 N. Y., 347; *Chester Glass Co.* v. *Dewey*, 16 Mass., 94; *Battershall* v. *Davis*, 31 Barb., 323; *Spear* v. *Crawford*, 14 Wend., 24; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 77.) The certificates, when issued, would, as against persons with notice, relate back to the time of subscription and payment. (*Jackson* v. *Ramsey*, 3 Cow., 75; *Wright* v. *Douglass*, 2 Comst., 373; *McLaren* v. *Ins. Co.*, 1 Seld., 153.)   The provisions of the act as to the form and execution of the certifi-

cate are merely directory, and the failure or neglect to prepare them would not prejudice the rights of the stockholders. (*Stryker* v. *Kelly*, 7 Hill, 9 ; *People* v. *Yonkers*, 39 Barb., 266.)

*Townsend Wandell* for the respondents. Defendant cannot assert his claim as against plaintiffs' mortgage. (Laws 1868, chap. 762, § 4.) The lien of a certificate duly issued is general and not specific, and did not restrict the conversion of its property by the corporation before the obligation became due. ·(*Maxon* v. *Scott*, 55 N. Y., 247.)

ALLEN, J. It may be conceded that the appellant and his assignors, by subscribing to the building stock authorized to be created by the act incorporating " The East Side Association of the city of New York " (Laws of 1868, chap. 762), and paying into the corporation the amount subscribed, became stockholders in the corporation and entitled to all the rights of stockholders, to vote at all elections and to share in the income derived from the building for which the stock was created. The relation was established by the subscription and payment, and did not depend upon the issue of a certificate or other evidence of such right by the corporation. (*Thorp* v. *Woodhull*, 1 Sandf. Ch., 411 ; *Spear* v. *Crawford*, 14 Wend., 20, per JOHNSON, J.; *B and N. Y. City R. R. Co.* v. *Dudley*, 14 N. Y., 347.)

Those rights — that is, those that grow out of the relation of a holder of the building stock and can be claimed as such — are declared and regulated by section 4 of the act quoted *supra.* But the lien now asserted and sought to be enforced as prior and paramount to that of plaintiff's mortgagees, does not necessarily flow from the relation of a stockholder, but is a statutory lien, special in its character, and whatever may be the rights of individuals as against the corporation, can only exist and be enforced against *bona fide* lienors and incumbrancers of the corporate property, when it has been perfected in the method and evidenced by the instrument prescribed by the act.

The act (section 5) declares that the shares for which certificates shall be issued, signed by the president and secretary and countersigned by the treasurer, shall, from the date thereof, be a lien and charge upon the real and personal property of the corporation. The property of the corporation may be incumbered, for the benefit of the stockholders, by the method prescribed, but in no other way, and the direction as to the form of the certificates and the declaration as to the time at which they shall operate as a lien upon property, necessarily excludes the presumption of an intention to confer the rights of a lienor by any acts short of those mentioned. It is not improbable that the corporation omitted to issue certificates for the "building stock," and the subscribers forebore to ask for them, that the corporation might be enabled to borrow money upon a mortgage, as they did, upon the credit of the mortgage to the plaintiffs as trustees. It is enough, however, that the statute declares that the lien shall only take effect from the date of the certificates, and the mortgage of the plaintiffs' was prior to the issue of any certificates to the defendant and his assignors. It does not appear that certificates have been issued at all.

The judgment must be affirmed.

All concur.

Judgment affirmed.