EDWARD B. BABCOCK, Appellant, *v.* THE SCHUYLKILL AND LEHIGH VALLEY RAILROAD COMPANY, Respondent.

In an action to compel defendant to issue to plaintiff a certificate for 1,050 shares of its capital stock, these facts appeared: Plaintiff, in 1882, subscribed for 2,100 shares of the stock of the P. & N. Y. R. R. Co., a Pennsylvania corporation, paying ten per cent of the amount of the stock. In 1887, under a statute of Pennsylvania, that company was merged in and consolidated with defendant, another corporation of that state, it agreeing that each stockholder of the former company, upon surrender of any evidence he might have by certificate or otherwise of his right to stock, and, if he had none, then, upon due demand, should be entitled to a certificate of its capital stock in the proportion of one share for two of the former company. *Held,* that the complaint was properly dismissed; that plaintiff could not maintain any action against defendant that it could not maintain against the P. & N. Y. R. R. Co.; and so, was not entitled to a certificate of full-paid stock upon which he had paid but ten per cent.

(Argued May 4, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made July 1, 1891, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to issue to plaintiff a certificate for 1,050 shares of its capital stock, or to pay the par value thereof.

The facts, so far as material, are stated in the opinion.

*Thomas G. Shearman* for appellant. It was admitted on the pleadings that the defendant had positively refused to issue any stock to the plaintiff or to recognize him as a shareholder;

and this refusal made a demand superfluous and useless. (*Rider* v. *Pond*, 19 N. Y. 262; *Carpenter* v. *Brown*, 6 Barb. 147; *Driggs* v. *Dwight*, 17 Wend. 71.) This being an action for equitable relief, no demand was necessary. (*Bruce* v. *Tilson*, 25 N. Y. 194; *Stevenson* v. *Maxwell*, 2 id. 408; *King* v. *Clark*, 3 Paige, 77; *Baldwin* v. *Salter*, 8 id. 473.) The courts below properly ignored the objection that plaintiff "had not proved that he continued to be, for five years after his alleged subscription, even the holder of said subscription." (*Fry* v. *Burnett*, 28 N. Y. 324; *Wilkins* v. *Earle*, 44 id. 172.) The court, at Special Term, sustained the objection that the plaintiff was not a shareholder in the Pottsville and New York Railroad Company, on the ground that he had never paid or offered to pay more than ten per centum of his subscription. On this ground alone, the court dismissed the complaint. But in this the court erred. (*Curry* v. *Scott*, 54 Penn. St. 270; *Downing* v. *Potts*, 23 N. J. L. 66; *Rutter* v. *Kilpatrick*, 63 N. Y. 604; *B., etc., R. Co.* v. *Dudley*, 14 id. 336, 346; *Spear* v. *Crawford*, 14 Wend. 20; *P. W. Co.* v. *Badger*, 67 N. Y. 294; *Wheeler* v. *Millar*, 90 id. 353, 359; *B. R. Co.* v. *Bowser*, 48 Penn. St. 29; *Beecher* v. *D., etc., R. R. Co.*, 76 id. 306; *Cass* v. *P., etc., R. R. Co.*, 80 id. 31.) It may be urged by the defendant that there is no evidence of any payment whatever by the plaintiff. But such an argument is now inadmissible. (*Hankins* v. *Baker*, 46 N. Y. 666; *Halpin* v. *P. Ins. Co.*, 118 id. 165, 178; *Judd* v. *O'Brien*, 21 id. 186; *Jencks* v. *Smith*, 1 id. 90; *Nelson* v. *Eaton*, 26 id. 410; *Pringle* v. *Woolworth*, 90 id. 502.)

*Benjamin S. Harmon* for respondent. To sustain an action upon the merger agreement herein, a due demand upon defendant or its treasurer, prior to the commencement of the action, for the relief sought thereunder, must be alleged and proven. (*Bruce* v. *Tilson*, 25 N. Y. 194; *Burrall* v. *B. R. Co.*, 75 id. 211; *Jermain* v. *L. S. & M. S. R. Co.*, 91 id. 483, 492; *Williams* v. *W. U. T. Co.*, 93 id. 162, 188; *Rice* v. *O'Connor*, 10 Abb. Pr. 362; *Martin* v. *Kanouse*, 2 id.

327; *Prindle* v. *Caruthers*, 15 N. Y. 425; *T. & R. R. R. Co.* v. *Kerr*, 17 Barb. 591, 599; *Godwin* v. *Wertheimer*, 99 N. Y. 149; *Brownell* v. *Town of Greenwich*, 114 id. 518.) The issue of certificates for stock, contemplated in the merger agreement, was conditioned upon such an issue of certificates as already had, or might have been enforced against that one of the merging companies through which claim should be made. (*Sparrow* v. *E., etc., R. R. Co.*, 7 Ind. 369; *Lynch* v. *R. R. Co.*, 57 Wis. 431; *C., R. I. & P. R. R. Co.* v. *Moffatt*, 75 Ill. 521; *Bishop* v. *Brainerd*, 28 Conn. 289; *Nugent* v. *Suprs., etc.*, 19 Wall. 241; *Bates County* v. *Winters*, 112 U. S. 325, 330; *Williams* v. *W. U. T. Co.*, 93 N. Y. 162; *Upton* v. *Tribilcock*, 91 U. S. 45; *State* v. *Tinkin*, 48 N. J. L. 87; *Sturgis* v. *Stetson*, 1 Biss. 246; *N. Co.* v. *Comrs.*, 7 Jones [N. C.] 275; *Ex parte Daniell*, 1 DeG. & J. 372; *People* v. *S. M. Co.*, 82 Ill. 457; *Henry* v. *R. R. Co.*, 17 Ohio St. 187; *Hatch* v. *W. U. T. Co.*, 9 Abb. [N. C.] 430; *Knowlton* v. *C. S. Co.*, 57 N. Y. 518; *Barnes* v. *Brown*, 80 id. 527, 534; *Barnes* v. *Seligman*, 55 Hun, 339.) The plaintiff failed to show that he ever was entitled to receive a certificate for any of the stock of the Pottsville and New York Railroad Company, or that he is, or ever was, entitled to receive a certificate for any of the capital stock of defendant company. (*Wheeler* v. *Miller*, 90 N. Y. 353; *Spear* v. *Crawford*, 14 Wend. 20; *Burr* v. *Wilcox*, 22 N. Y. 551; *Busey* v. *Hooper*, 35 Md. 15; *Slipper* v. *Earhart*, 83 Ind. 173, 183; *State* v. *Ferris*, 42 Conn. 560; *Bank of Commerce's Appeal*, 83 Ga. 26, 50; *Hogan* v. *Bell*, 36 Barb. 57; *Upton* v. *Tribilcock*, 91 U. S. 45, 48; *R. P. R. Co.* v. *Barton*, 16 N. Y. 456; *Hughes* v. *M. Co.*, 34 Md. 316, 328; *H. & N. H. R. R. Co.* v. *Kennedy*, 12 Conn. 499, 509; *Dayton* v. *Borst*, 31 N. Y. 435; *Johnson* v. *A. & S. R. R. Co.*, 54 id. 416; *P. W. Co.* v. *Badger*, 67 id. 294.) None of the exceptions taken by the plaintiff to the several refusals of the court to find the findings of fact proposed by him, are sustainable. (*Heilbrun* v. *Hammond*, 13 Hun, 474, 482; *Graham* v. *Crystal*, 2 Keyes, 21; *Crawford* v. *Everson*, 68 N. Y. 624; *In re N. Y. C. &*

*H. R. R. R. Co.*, 90 id. 343, 347; *Tenney* v. *Barker*, 93 id. 525, 531; *Quincy* v. *White*, 63 id. 370; *Quincy* v. *Young*, 5 Daly, 44; *Kingsland* v. *Chittendon*, 6 Lans. 15; *Scott* v. *Pilkington*, 15 Abb. 280; *Shoemaker* v. *Ins. Co.*, 60 Barb. 84, 103; *Durant* v. *Debroth*, 44 J. & S. 463, 470; *Marvin* v. *Ins. Co.*, 85 N. Y. 278, 284; *Gibson* v. *Tilzer*, 3 Hun, 539; *Banker* v. *Quigg*, 8 id. 409.)

O'Brien, J.    In the certificate of incorporation of the Pottsville and New York Railroad Company, a corporation organized under the laws of Pennsylvania on the 23d of March, 1882, the plaintiff's name appears as a subscriber for twenty-one hundred shares of the capital stock of the par value of $50 per share. Attached to the certified copy of the articles of association appearing in the record is an affidavit of three of the directors to the effect that ten per centum upon the total amount of stock subscribed had been paid in. This is the only evidence in the case that the plaintiff was or continued to be a shareholder, as no certificate or other evidence of his right as such shareholder was ever issued to him, or any of the other persons who signed the subscription paper. In the month of February, 1887, about five years after this subscription, the Pottsville Company, under a statute of Pennsylvania, merged and consolidated its franchises and capital stock with the defendant, another railroad corporation of that state. Its capital stock was fixed at 40,000 shares of the par value of $50 per share.

The merger or consolidation agreement made between the two corporations in conformity with the statute provided that each stockholder in the Pottsville Company should, upon surrendering to the treasurer of the consolidated company any evidence he might possess, by certificate or otherwise, of his right to stock, if he had any such evidence, and if no such evidence had been issued to him, then, upon due demand being made upon the treasurer, should be entitled to receive from him a certificate of the capital stock of the consolidated company in the proportion of two shares in face value of the·

Pottsville Company for one share of the same value in the consolidated company. The plaintiff brought this action to compel the delivery to him of this certificate, alleging that he was a shareholder in the Pottsville Company, and had demanded the certificate from the treasurer of the defendant, who refused the same. These allegations were substantially denied in the answer. The precise relief demanded in the complaint is that the defendant issue to the plaintiff a certificate for one thousand and fifty shares of its capital stock of the par value of $50 each, and that in case of the failure of the defendant to issue the same, then that the defendant pay to the plaintiff the sum of fifty-two thousand five hundred dollars damages. The trial court dismissed the complaint, and the General Term has affirmed the judgment. It is not necessary to hold, and we do not hold, that a person who has subscribed for the stock of a corporation, and thus has become bound to receive and to pay for the same, is not in some sense a stockholder. We see no reason to doubt that a person so situated sustains the relation of a stockholder, at least, in many respects, both to the corporation and its creditors. ( *Van Alen* v. *Ill. Cent. R. R. Co.,* 4 Abb. Ct. App. Dec. 443 ; *Curry* v. *Scott,* 54 Penn. St. 270 ; *Rutter* v. *Kilpatrick,* 63 N. Y. 604 ; *Buffalo & N. Y. C. R. Co.* v. *Dualy,* 14 id. 336–346 ; *Spear* v. *Crawford,* 14 Wend. 20.)

But we agree with the court below that the plaintiff did not make out a case for the relief asked. He did not even prove that he had ever demanded the certificate, or any other evidence of his right from the defendant. The allegation of the complaint that such demand was made is denied in the answer. True, the other allegation that there was a refusal is not denied, but if there was no demand, there could not well be a refusal. On any fair construction of the pleadings, the plaintiff was bound to prove the demand. It is true, as is urged by the learned counsel for the plaintiff, that the absence of proof of a demand is not generally regarded as an insuperable obstacle to relief in a court of equity in a proper case, and possibly this point might be overlooked here if the case was established in other respects. The only proof that the plaintiff gave of

any interest in the Pottsville Company was the subscription paper signed some six years before. The fact that the plaintiff agreed, in 1882, to purchase and pay for twenty-one hundred shares did not necessarily prove that he had any interest in the company in 1888, unless there is a presumption that his relations to the company continued. However that may be, it is clear that he could not maintain any action against the defendant that he could not maintain against the Pottsville Company before the consolidation. What he asks is the issue to him of ten hundred and fifty shares of paid-up stock, and there is no finding or proof that he ever paid anything but the ten per cent. Nothing would seem to be plainer than that the plaintiff is not entitled to negotiable or transferable certificates of full-paid stock on such a state of facts, and yet the plaintiff, in his complaint and at the trial, did not ask for anything less. If the plaintiff still retains the interest in the Pottsville Company, represented by the subscription and the payment of the ten per cent on the same, it is quite likely that a court of equity would be disposed to compel the defendant to deliver to him some proper evidence of this right. But we have no right to reverse the judgment for the purpose of enabling the plaintiff to procure a measure of relief that he did not ask either in his complaint or at the trial.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.